**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3687
_____

MARIO MURGUIA-BRISENO,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A031-080-721)
Immigration Judge:  Honorable Kuyomars Q. Golparvar

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2017
Before:  SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 23, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Petitioner Mario Murguia-Briseno asks us to review an order of the Board of

Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's decision

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

denying withholding of removal and protection under the Convention Against Torture (CAT). Because substantial evidence supported the BIA's conclusions, we will deny his petition for review.

Murguia-Briseno, a native and citizen of Mexico, came to the United States as a lawful permanent resident in 1971. After he suffered several criminal convictions, he was removed to Mexico. He has since unlawfully reentered the United States five times. In 2013, he reentered, was arrested almost immediately, and was later convicted of unlawful reentry. Before he was again removed, he sought withholding of removal and protection under the CAT. He alleged past persecution and a clear probability of future persecution and torture if returned to Mexico.

Murguia-Briseno represented himself at his removal hearing before the Immigration Judge (IJ). Murguia-Briseno testified that when he was living in Mexico, shortly before his most-recent reentry into the United States, four individuals—who he alleged might have been Mexican police officers—kidnapped and beat him. During the second beating, the attackers taunted him, asked him whether he was a Sureno—a member of a Southern California prison gang—and whether he knew anything about the murders of two Mexican police officers. He did not report these beatings to the Mexican police or any other arm of the government, however, because he feared reprisal. The IJ found his testimony credible, but denied the request for withholding because he had not shown that he was attacked on account of his membership in a particular social group. The IJ also denied CAT protection because Murguia-Briseno did not introduce sufficient

evidence to show that it was more likely than not that he would be tortured if returned to Mexico.

Murguia-Briseno appealed the IJ's ruling to the BIA, which upheld the denial of withholding because the Sureno prison gang was not a distinct social group recognized by Mexican society, and because the evidence was insufficient to show that the group of men targeted him because he was a Sureno. The BIA also upheld the denial of CAT relief, holding that Murguia-Briseno failed to introduce evidence that the Mexican government, either intentionally or through willful blindness, acquiesced in past torture, or that it was more likely than not that he would be tortured if he was returned to Mexico.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252(a)(1). Where the BIA issues its own opinion on the merits, we review the decision of the BIA, not that of the Immigration Judge. Mahn v. Att'y Gen., 767 F.3d 170, 173 (3d Cir. 2014). Nevertheless, where the BIA expressly adopts a portion of the IJ's opinion, we review both the decisions of the IJ and the BIA. See Voci v. Gonzales, 409 F.3d 607, 612 (3d Cir. 2005).

The Immigration Nationality Act requires withholding of removal where "the Attorney General decides that the alien's life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Whether or not Murguia-Briseno established that his membership in a particular social group was the reason he was attacked is a question of fact that we review under the substantial evidence standard. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Under this deferential

3

standard, Murguia-Briseno must establish that the evidence does not just support a contrary conclusion, but compels it. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).

Here, the BIA upheld the IJ's determination that Murguia-Briseno had not proven that the attacks were motivated by his membership in the Sureno prison gang.[1] The BIA's determination was supported by record evidence. Murguia-Briseno testified that, before the first attack, one of the men asked Murguia-Briseno whether his name was "Mario Murguia." When he responded "yes," they kidnapped him and beat him while interrogating him about the murder of two Mexican police officers. They called him names and asked him questions, but made no reference to the Sureno gang. When the IJ asked him why he was attacked, Murguia-Briseno testified that the men could have been targeting him because he was recently removed from the United States; he did not theorize that it was on account of his past-Sureno membership. Although he claimed that during the second attack the attackers called him "sissy," "Sureno," and other names, he repeatedly told the attackers he was not doing work for the Surenos. Nevertheless, they attacked him a third time, continued to interrogate him, and called him "all kinds of names." Neither the attackers' words, actions, nor the context in which the attacks occurred establish that they were targeting Murguia-Briseno because he was a Sureno.

---

[1] Before the IJ, Murguia-Briseno testified that he joined the Surenos when he was very young, but that he was no longer an active member. He testified that although he "never really" formally withdrew his membership, he was not currently active in the gang. We need not decide here whether past membership in a prison gang constitutes "a particular social group" under 8 U.S.C. § 1231(b)(3)(A) because the record supports the factual finding that Murguia-Briseno was not attacked on account of his membership, past or current, in the Sureno gang.

See Shehu v. Att'y Gen., 482 F.3d 652, 657 (3d Cir. 2007); Mouawad v. Gonzales, 485 F.3d 405, 412 (8th Cir. 2007) (holding that petitioner failed to establish a clear probability of persecution on the basis of a protected class where he was beaten to extract information about the Lebanese military, not because of his religion). Accordingly we will not disturb the BIA's withholding ruling.

Murguia-Briseno also challenges the BIA's ruling that he was ineligible for CAT relief. To warrant CAT protection, Murguia-Briseno bears the burden to establish, through objective evidence, "that it is more likely than not" that he will be tortured if removed. 8 C.F.R. § 1208.16(c)(2); see Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining . . . information or a confession, punishing [him] . . . for an act [he] has committed or is suspected of having committed, intimidating or coercing, or for any reason based on discrimination of any kind." 8 C.F.R. § 1208.18(a)(1).

The BIA adopted the IJ's finding that Murguia-Briseno had not proven, with record evidence, that it was more likely than not that his attackers would torture him again if he was returned to Mexico. See Konou v. Holder, 750 F.3d 1120, 1125-26 (9th Cir. 2014) (explaining that evidence of prior torture, in and of itself, is insufficient to establish a likelihood of future torture). That factual finding rested on his testimony that his attackers probably thought he was dead, had not attempted to contact or threaten him since the attacks, and may not have been on the lookout for him since then. See Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010) (holding that the agency's conclusion

5

about "what is likely to happen to the petitioner if removed" is an issue of fact). Murguia-Briseno did not testify about any recent, specific threats that he would be tortured on his return to Mexico.  See Malonga v. Mukasey, 546 F.3d 546, 556 (8th Cir. 2008).  Moreover, Murguia-Briseno did not claim to the BIA that Surenos generally faced torture in Mexico.  Nor did he establish that he could not travel to an area of the country where he would not be subject to torture.  See id.; see also Tamang v. Holder, 598 F.3d 1083, 1095 (9th Cir. 2010) ("evidence of relevant country conditions is extremely important, as is the ability of [petitioner] to safely relocate to another part of his country of origin"); 8 C.F.R. § 1208.16(c)(3)(ii).  Because the BIA's ruling is supported by record evidence, we will not upset its determination. [2]

For the reasons set forth above, we will deny Murguia-Briseno's petition for review.

---

[2] On appeal, Murguia-Briseno complains that the BIA did not speak to his documentary evidence.  However, the IJ expressly reviewed that evidence and incorporated it into the IJ's factual findings, which the BIA adopted.